UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NOLDI NAGY,<br><br>　　　　　Defendant. | No.  2:11-CR-00235 KJM<br><br><br>ORDER |

On June 8, 2011, an indictment was filed charging Noldi Nagy with one count of possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and seeking forfeiture of property used in connection with the offense. 21 U.S.C. § 853(a). Indictment, ECF No. 1. On October 6, 2011, defendant pleaded guilty to possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and agreed to forfeit certain property. Plea Agreement, ECF No. 17. On January 17, 2012, the court sentenced defendant to a term of forty-one months' imprisonment. ECF Nos. 25, 26.

On September 14, 2014, Mr. Nagy wrote to the court asking for an order sealing his file. He explains he has been released from prison and discharged from his term of supervised release. He fears prospective employers will find information about his conviction by searching the internet, preventing him from finding a job to support his family. Letter at 1. He thus asks

/////

the court to seal his file so he can "rehabilitate [himself] into the community." *Id*. at 2. He has not challenged his conviction or sentence.

"[W]hen a defendant moves to expunge records, []he asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). Even though "district courts possess ancillary jurisdiction to expunge criminal records," they do not have "the power to expunge a record of a valid arrest and conviction solely for equitable considerations. . . . [A] district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *see also United States v. Lucido*, 612 F.3d 871, 875-76 (6th Cir. 2011) (stating that district court did not have jurisdiction to expunge a defendant's record to prevent harm to defendant's employment opportunities).

Although the court sympathizes with defendant's dilemma, it lacks jurisdiction to entertain his request.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court is directed to file the letter dated September 14, 2014 from Noldi Nagy;

2. Mr. Nagy's request to expunge or seal the records of his conviction is denied; and

3. The Clerk of the Court is directed to serve a copy of Mr. Nagy's letter and this order on Mr. Nagy and Douglas Beevers, Assistant Federal Defender.

DATED: October 7, 2014.

_____
UNITED STATES DISTRICT JUDGE